**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000867
30-JAN-2020
08:02 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---

KAREN MOTT, Plaintiff-Appellant, v.
CITY AND COUNTY OF HONOLULU, Defendant-Appellee

NO. CAAP-18-0000867

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 18-1-0829-05)

JANUARY 30, 2020

GINOZA, C.J., AND HIRAOKA AND WADSWORTH, JJ.

OPINION OF THE COURT BY WADSWORTH, J.

This case arises out of Plaintiff-Appellant Karen Mott's (**Mott**) request to the Honolulu Police Department (**HPD**) for the home addresses of all arrested persons (**arrestees**) listed in certain arrest logs maintained by HPD and made available online to the public.  After HPD denied Mott's request, she filed a lawsuit against Defendant-Appellee City and County of Honolulu (**City**), alleging that Hawaii's Uniform Information Practices Act (**UIPA**) required disclosure of the addresses.  The Circuit Court of the First Circuit (**Circuit Court**) dismissed Mott's complaint on the ground that the public interest in disclosure of the addresses did not outweigh the arrestees' personal privacy interest, thus exempting the addresses from the UIPA's disclosure requirements.

Mott appeals from the Circuit Court's October 23, 2018 (1) Order Granting [City's] Motion to Dismiss Complaint Filed on May 25, 2018 (**Dismissal Order**), and (2) Final Judgment.[1]  Mott contends that the Circuit Court wrongly dismissed her complaint,

---

[1] The Honorable Gary W.B. Chang presided.

and that the public interest in disclosure of arrestees' addresses outweighs any privacy interest.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we affirm the Dismissal Order and the Final Judgment for the reasons discussed below.

## I. Background

### A. Factual Background[2/]

HPD maintains a daily arrest log, also referred to as a "blotter," which is provided online for public inspection. On August 4, 2017, Mott obtained a copy of the arrest log for August 3, 2017, which included the following information for each arrest: (1) the date and time of the arrest; (2) the name, race, sex, and age of the arrestee; (3) the report-offense number(s); (4) the name of, and statutory basis for, the alleged offense; (5) the location of the arrest, the name of the arresting officer, and any court appearance information; and (6) information concerning the arrestee's release from custody.

Mott alleged that for more than twenty years, HPD "freely provided, to any requesting member of the public, 'blotter information' that [also] contain[ed] the addresses of recent arrestees." According to Mott, "the information was first disclosed when a requestor went to the individual police stations and was permitted to review the booking logs which contained the 'blotter information' including the address. Later, the HPD, through its records division, provided printouts of department-wide arrest records which contained the 'blotter information' including the address."

Mott further alleged that on or about April 20, 2017, "HPD arbitrarily discontinued its practice of disclosing the addresses" and, instead, "began to disclose an 'Adult Arrest Log'

---

[2/] Because we are reviewing the Circuit Court's order on a motion to dismiss, we take the factual allegations in the complaint as true. See Civil Beat Law Center for the Public Interest, Inc. v. City and County of Honolulu, 144 Hawai'i 466, 484, 445 P.3d 47, 65 (2019). This factual background is therefore taken primarily from the allegations in, and the documents referenced in and attached to, Mott's complaint.

which did not contain the arrestees' addresses."[3]

On August 12, 2017, Mott's attorney sent a letter to HPD stating, in relevant part:

SPECIFIC INFORMATION REQUESTED

1.    The entire address of the arrested persons listed in the arrest log [obtained on] August 4, 2017, submitted as "Attachment A."

2.    Within 30 days of this letter being sent for the entire address of arrested persons for future arrest log releases to be included in the request.

In the letter, Mott contended that disclosure of the addresses was required pursuant to a 1991 formal opinion letter from the Office of Information Practices (**OIP**),[4] OIP Op. Ltr. No. 91-4, 1991 WL 474701, at *1 (Mar. 25, 1991), interpreting the UIPA's general rule of disclosure, HRS § 92F-11.[5]

On September 8, 2017, HPD denied Mott's request "based on the exemptions provided in HRS §§ 92F-13[6] and/or 92F-22[7] or

---

[3]    The City asserts that HPD stopped including home addresses on its arrest logs "when it started to post the arrest logs online, making them widely available in a digital format." Mott does not dispute this assertion.

[4]    The OIP is the agency charged with administering the UIPA, as delineated in Hawaii Revised Statutes (**HRS**) §§ 92F-41 through 92F-43 (2012 & Supp. 2018).

[5]    HRS § 92F-11 (2012 & Supp. 2018) provides, in relevant part:

(a) All government records are open to public inspection unless access is restricted or closed by law.

(b) Except as provided in section 92F-13, each agency upon request by any person shall make government records available for inspection and copying during regular business hours.

[6]    HRS § 92F-13 (2012) provides, in relevant part:

This part shall not require disclosure of:

(1)    Government records which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy[.]

[7]    HRS § 92F-22 (2012) provides, in relevant part:

An agency is not required by this part to grant an individual access to personal records, or information in such records:

(1)    Maintained by an agency that performs as its or as a principal function any activity pertaining to the prevention, control, or reduction of

(continued...)

other laws cited below." (Footnotes added.) HPD also cited HRS §§ 92F-13(1) and 92F-14(a),[8] and provided the following "agency justification" for withholding the requested addresses: "Unwarranted invasion of privacy; significant privacy interest."

## B.  Procedural Background

On May 25, 2018, Mott filed her complaint against the City. She alleged, in addition to the above:

> 22. Ms. Mott has been denied access to a government record, to wit: addresses of arrestees.
> 23. Ms. Mott is entitled to disclosure of the addresses of the arrestees as she requested on August 12, 2018. Exhibit One.
> 24. The HPD has violated the UIPA, HRS § 92F-12 and/or §§ 92F-12(a)(4), (5), (15), and/or (16).[9]

---

[7] (...continued)

> crime, and which consist of:
>
> (A)  Information or reports prepared or compiled for the purpose of criminal intelligence or of a criminal investigation, including reports of informers, witnesses, and investigators; or
>
> (B)  Reports prepared or compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through confinement, correctional supervision, and release from supervision.

[8]  HRS § 92F-14(a) (2012) provides:

> Disclosure of a government record shall not constitute a clearly unwarranted invasion of personal privacy if the public interest in disclosure outweighs the privacy interest of the individual.

[9]  HRS § 92F-12 (2012) provides, in relevant part:

> (a) Any other provision in this chapter to the contrary notwithstanding, each agency shall make available for public inspection and duplication during regular business hours:
>
> . . . .
>
> (4)  Pardons and commutations, as well as directory information concerning an individual's presence at any correctional facility;
>
> (5)  Land ownership, transfer, and lien records, including real property tax information and leases of state land;
>
> . . . .

(continued...)

4

> 25. No exception to the "general rule" requiring disclosure is presented here.
> 2[6]. It is the HPD's burden to establish justification for nondisclosure. HRS 92F-15(c).

(Footnote added.) Mott sought the following relief: (1) a declaratory judgment or an order declaring that addresses of arrestees must be disclosed pursuant to HRS Chapter 92F; and (2) an order compelling the disclosure of the addresses requested by Mott on August 12, 2017.[10/]

In response, on July 5, 2018, the City filed a motion to dismiss the complaint under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 12(b)(6). After briefing and a hearing, the Circuit Court granted the City's motion to dismiss with prejudice and entered the Dismissal Order and the Final Judgment in favor of the City. This appeal followed.

## II.    Standards of Review

### A.    Motion to Dismiss

We review a circuit court's grant of a motion to dismiss de novo. Civil Beat, 144 Hawai'i at 474, 445 P.3d at 55 (citing Hungate v. Law Office of David B. Rosen, 139 Hawai'i 394, 401, 391 P.3d 1, 8 (2017)). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief." Id. (quoting In re Estate of Rogers, 103 Hawai'i 275, 280, 81 P.3d 1190, 1195 (2003)). While we must accept the factual allegations in the complaint as true (see supra note 2), we are "not required to accept conclusory allegations on the legal effect of the events

---

[9/] (...continued)

    (15)   Information collected and maintained for the purpose of making information available to the general public; and

    (16)   Information contained in or compiled from a transcript, minutes, report, or summary of a proceeding open to the public.

[10/]    Mott's complaint refers simply to the "addresses" of arrestees. Nevertheless, the August 12, 2017 letter from Mott's attorney, which is attached to the complaint, makes clear that she was seeking the home addresses of arrestees. In addition, at the hearing of the City's motion to dismiss, see infra, Mott conceded that she was seeking arrestees' home addresses.

alleged." Id. (quoting Hungate, 139 Hawai'i at 401, 391 P.3d at 8).

## B.    Statutory Interpretation

"Questions of statutory interpretation are questions of law to be reviewed de novo under the right/wrong standard." Id. at 474, 445 P.3d at 55 (quoting Nakamoto v. Kawauchi, 142 Hawai'i 259, 268, 418 P.3d 600, 609 (2018)).

## C.    OIP Opinions and Rulings

HRS § 92F-15(b) (2012) provides, in relevant part:

> Opinions and rulings of the [OIP] . . . shall be considered as precedent unless found to be palpably erroneous, except that in an action to compel disclosure brought by an aggrieved person after the [OIP] upheld the agency's denial of access to the person as provided in section 92F-15.5(b), the opinion or ruling upholding the agency's denial of access shall be reviewed de novo.

Here, Mott filed her complaint in the Circuit Court to compel disclosure of the requested information pursuant to HRS § 92F-15(a),[11/] and did not appeal HPD's denial to the OIP pursuant to HRS § 92F-15.5.[12/] Accordingly, the OIP did not review HPD's denial, and there is no OIP opinion or ruling upholding the denial that is subject to our de novo review. Under HRS § 92F-15(b), we consider OIP opinions and rulings in other matters as precedent unless found to be palpably erroneous.

---

[11/]    HRS § 92F-15(a) (2012) provides:

> A person aggrieved by a denial of access to a government record may bring an action against the agency at any time within two years after the agency denial to compel disclosure.

[12/]    HRS § 92F-15.5 (2012) provides, in relevant part:

> (a) When an agency denies a person access to a government record, the person may appeal the denial to the [OIP] . . . . A decision to appeal to the [OIP] for review of the agency denial shall not prejudice the person's right to appeal to the circuit court after a decision is made by the [OIP].

> (b) . . . If the denial of access is upheld, in whole or in part, the [OIP] shall, in writing, notify the person of the decision, the reasons for the decision, and the right to bring a judicial action under section 92F-15(a).

### III. Discussion

The UIPA effectuates the State's "policy of conducting government business as openly as possible . . . tempered by a recognition of the right of the people to privacy[.]" HRS § 92F-2 (2012). Toward that end, the UIPA establishes the general rule of disclosure that "[e]xcept as provided in section 92F-13, each agency upon request by any person shall make government records available for inspection and copying during regular business hours." HRS § 92F-11(b). See Peer News LLC v. City & County of Honolulu, 138 Hawai'i 53, 62, 376 P.3d 1, 10 (2016). Section 92F-13 provides, in turn, that the general rule "shall not require disclosure of . . . [g]overnment records which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy[.]" HRS § 92F-13(1). "Thus, although the general rule is that government agencies must disclose records upon request, section 92F-13 exempts from disclosure any record that, if disclosed, would constitute a 'clearly unwarranted invasion of personal privacy.'" Peer News, 138 Hawai'i at 62, 376 P.3d at 10.

Here, Mott alleged that she was denied access to "a government record, to wit: addresses of arrestees," and there appears to be no dispute that such addresses are "information maintained by [HPD] in written, auditory, visual, electronic, or other physical form." HRS § 92F-3 (2012). Therefore, absent an applicable exemption, the general rule of disclosure embodied in HRS § 92F-11 would have required disclosure of the addresses. The dispositive issue here is whether disclosure of the addresses would constitute "a clearly unwarranted invasion of personal privacy," thus exempting the addresses from section 92F-11's general rule of disclosure.[13]

---

[13] The UIPA also identifies certain types of government records that must be disclosed (see HRS § 92F-12, supra note 9), and Mott alleged that HPD's failure to disclose arrestees' addresses violated "HRS § 92F-12 and/or §§ 92F-12(a)(4), (5), (15), and/or (16)." However, at the hearing of the City's motion to dismiss, Mott conceded that "there is no specific authority that requires the City to include . . . the arrestee's address in the police blotter," and in her opening brief, Mott does not argue that HRS § 92F-12 requires disclosure of arrestees' addresses. We therefore deem the argument waived. See HRAP Rule 28(b)(7). Regardless, HRS § 92F-12 does not expressly
(continued...)

## A.    Clearly Unwarranted Invasion of Personal Privacy

HRS § 92F-14 provides that "[d]isclosure of a government record shall not constitute a clearly unwarranted invasion of personal privacy if the public interest in disclosure outweighs the privacy interest of the individual."  The Hawai'i Supreme Court has further stated that:  "[T]he structure and language of HRS § 92F-14 indicate that once a 'significant privacy interest' is recognized, it must be balanced against the public interest in disclosure to determine whether disclosure of the information would constitute a 'clearly unwarranted invasion of privacy.'"  Peer News, 138 Hawai'i at 68, 376 P.3d at 16.

Here, Mott contends that the public interest in disclosure of arrestees' home addresses outweighs any privacy interest of arrestees.  The City, on the other hand, argues that arrestees have a significant privacy interest in their home addresses, which is not outweighed by the only cognizable public interest in this context — the interest in shedding light on the actions of government agencies and officials.

### 1.    Privacy Interest in Home Addresses

Initially, we note that the Hawai'i Supreme Court has recognized the significant privacy interest that individuals have in personal information such as home addresses.  In Peer News, 138 Hawai'i at 55, 376 P.3d at 3, the court ruled that police officers have a significant privacy interest in their disciplinary suspension records, and that disclosure of the records is appropriate only when the public interest in access to the records outweighs this privacy interest.  In that context, where the requester sought the disciplinary records of twelve HPD officers who had been suspended for misconduct, the supreme court instructed the circuit court on remand to "review the misconduct at issue in each case and determine whether the public interest in disclosure of such conduct outweigh[ed] the privacy interests

_____

13/(...continued)
list or otherwise describe arrestees' addresses as government records that must be disclosed, and we conclude that HPD was not required to disclose the requested addresses under that section.

FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

of a particular officer." Id. at 74, 376 P.3d at 22. Nevertheless, the court ruled as a matter of law that "there is no compelling public interest in the disclosure of police officers' confidential personal information such as home addresses, dates of birth, social security numbers, driver's license numbers, and bank account information. Such information, if present in relevant records, must be redacted." Id. at 73, 376 P.3d at 21 (emphasis added).

Similarly, the OIP has repeatedly and consistently recognized that individuals have a significant privacy interest in their home addresses, and that generally, in a broad variety of contexts, the disclosure of those addresses would constitute a clearly unwarranted invasion of personal privacy. See, e.g., OIP Op. Ltr. No. 89-16, 1989 WL 406089, at *1 (Dec. 27, 1989) (advising that "individuals have a significant privacy interest in avoiding the unlimited disclosure of [their home addresses]," and that the Hawaii Criminal Justice Commission should not disclose the home addresses of persons attending a safety seminar); OIP Op. Ltr. No. 96-04, 1996 WL 35048129, at *4 (Dec. 10, 1996) (advising that the Hawaii Criminal Justice Data Center should not disclose the home addresses of individuals requesting conviction records); OIP Op. Ltr. No. 99-06, 1999 WL 33327214, at *2-3 (Oct. 25, 1999) (advising that the County of Kauai Office of Elderly Affairs should not disclose the home addresses of seniors on its mailing list); OIP Op. Ltr. No. 07-07, 2007 WL 1267789, at *1-2 (Apr. 18, 2007) (advising that the Department of Land and Natural Resources may withhold the home addresses of individuals in its land records).

Neither Peer News nor the cited OIP opinions involved the privacy interest of arrestees in their home addresses. Nevertheless, based on the nature of the interest and the broad array of individuals whose privacy rights in their personal information have been deemed protected, we conclude that arrestees, like other individuals, generally have a significant privacy interest in their home addresses. We further conclude that the interest is not lost or waived simply because these individuals have been arrested. Cf. OIP Op. Ltr. No. 89-14, 1989

9

WL 406087, at *3 (Dec. 15, 1989) (recognizing an inmate's significant privacy interest in his/her social security number). The question remains, however, whether this privacy interest is outweighed by "the public interest in disclosure" of the home addresses. HRS § 92F-14. See Peer News, 138 Hawai'i at 68, 376 P.3d at 16.

### 2. Public Interest in Disclosure

Mott contends that the relevant public interest is in identifying arrestees, so as "to avoid the danger that could be associated with a specific address," particularly "[w]here people do not know their neighbors' names but wish to avoid the residences of accused gang members, drug dealers, and pedophiles[.]" The City, on the other hand, argues based on several OIP opinions that the relevant, and only legally cognizable, public interest is "in the disclosure of official information that sheds light on an agency's performance of its statutory purpose and the conduct of government officials, or which otherwise promotes governmental accountability."

The City's position aligns with the supreme court's analysis in Peer News, which recognized "the appropriate concern of the public as to the proper performance of public duty" as the public interest to be balanced against competing privacy interests in UIPA cases involving police officer misconduct. 138 Hawai'i at 73, 376 P.3d at 21 (quoting State of Hawai'i Organization of Police Officers v. Soc'y of Professional Journalists-University of Hawai'i Chapter, 83 Hawai'i 378, 399, 927 P.2d 386, 407 (1996)). The court went on to identify several public interests related to the oversight of law enforcement, including the "significant public interest in knowing how the police department supervises its employees and responds to allegations of misconduct[,]" id. at 73-74, 376 P.3d at 21-22 (quoting Rutland Herald v. City of Rutland, 84 A.3d 821, 825 (Vt. 2013)), and "the need to 'facilitate the public's understanding and evaluation of the [department's] investigative process, decision-making and overall handling of an important matter involving a fellow police officer[,]'" id. at 74, 376 P.3d at 22 (quoting Tompkins v. Freedom of Information Commission, 46 A.3d

291, 299 (Conn. App. 2012)). The court ruled, however, that disclosure of police officers' home addresses and other personal information did not serve this "compelling public interest" in the oversight of law enforcement. Id. at 73, 376 P.3d at 21.

Moreover, in his concurring opinion in Peer News, Justice Pollack made clear — in language that parallels the City's position here — that in UIPA disclosure cases, "[t]he public interest to be balanced against an individual's significant privacy interest is the public interest in the disclosure of 'official information that sheds light on an agency's performance of its statutory purpose' or 'upon the conduct of government officials.'" Id. at 78-79, 376 P.3d at 26-27 (Pollack, J., concurring) (quoting OIP Op. Ltr. No. 10-03, 2010 WL 4912630, at *5 (Oct. 5, 2010)). The OIP opinion that Justice Pollack relied on for this proposition balanced the privacy interests of "mid-level" and "lower-level" government employees against the public interest in disclosure of information regarding their misconduct. OIP Op. Ltr. No. 10-03, 2010 WL 4912630, at *1-2.

Indeed, the OIP has long opined that in balancing the competing interests under HRS § 92F-14, "the public interest to be considered is that which sheds light upon the workings of government." OIP Op. Ltr. No. 99-6, 1999 WL 33327214, at *2 (Oct. 25, 1999) (citing OIP Op. Ltr. No. 93-20, 1993 WL 531349, at *4 (Oct. 21, 1993)). In reaching this conclusion, the OIP has relied on:

> two basic policies served by the UIPA, which are to "promote the public interest in disclosure" and to "enhance governmental accountability through a general policy of access to government records." Haw. Rev. Stat. §92F-2 1993. Further, in enacting the UIPA, the Legislature declared that "it is the policy of this State that the formation and conduct of public policy--the discussions, deliberations, decisions, and action of government agencies--shall be conducted as openly as possible." [HRS] §92F-2 1993.

Id. at *2 (original brackets omitted) (quoting Op. Ltr. No. 93-20, 1993 WL 531349, at *4); see also HRS § 92F-2 ("Opening up the government processes to public scrutiny and participation is the only viable and reasonable method of protecting the public's interest."); Peer News, 138 Hawaiʻi at 73-74, 376 P.3d at 21-22.

The OIP has further explained:

> There is no clearly unwarranted invasion of personal privacy if the public interest in disclosure outweighs the privacy interests of the individual. [HRS] § 92F-14(a) (1993). To determine if there is a clearly unwarranted invasion of personal privacy, two competing interests must be balanced: an individual's personal privacy interest in keeping the information confidential versus the public interest in disclosure of the information. The public interest that should be considered is whether public disclosure of the information would shed light upon actions of government agencies or their officials. Public interest is not fostered by disclosure of personal information that reveals little or nothing about the actions, decisions, or operations of government agencies.

OIP Op. Ltr. No. 96-4, 1996 WL 35048129, at *3 (Dec. 10, 1996) (emphasis added) (citing OIP Op. Ltr. No. 95-10, 1995 WL 377546, at *3 (May 4, 1995)).

We do not find palpably erroneous, and we thus expressly adopt, the OIP's view that the public interest to be considered under HRS § 92F-14 is "the public interest in the disclosure of 'official information that sheds light on an agency's performance of its statutory purpose' or 'upon the conduct of government officials.'" OIP Op. Ltr. No. 10-03, 2010 WL 4912630, at *3 (quoting OIP Op. Ltr. No. 92-17, 1992 WL 454996, at *13 (Sept. 2, 1992)). Here, based on the allegations of the complaint, we conclude that Mott cannot establish that her asserted interest in public disclosure of arrestees' home addresses would shed light on the HPD's exercise of its powers or would otherwise reveal anything pertinent to the actions, decisions, or operations of HPD or its officials. Moreover, even if we were to credit Mott's asserted interest in obtaining arrestees' home addresses for the purpose of avoiding the perceived danger associated with a particular address, we note that she has made a blanket demand for all arrestees' addresses, regardless of the nature or location(s) of the alleged crime, or any other circumstances that might bear on the perceived danger to the public. Under such circumstances, Mott cannot establish that her asserted public interest outweighs the significant privacy interest of all arrestees as a class.

**B.    OIP Opinions Regarding "Police Blotter Data"**

Mott argues that prior OIP opinions have required the disclosure of "police blotter data," which historically included arrestees' addresses. However, these opinions, read fairly, do not require HPD to disclose the home addresses of arrestees.

In a 1991 formal opinion letter, the OIP opined that under the UIPA, "police blotter" data that was chronologically compiled and maintained by county police departments had to be made available for public inspection and copying upon request. OIP Op. Ltr. No. 91-4, 1991 WL 474701, at *1. At the time, that data appears to have included the date and time of the arrest; the name, residence, age, sex and nationality of the arrestee; the name of the arresting officer; the nature of the offense; a chronological number assigned to the arrest; and a report number. Id. at 2. The OIP concluded that police blotter data was not exempt from the disclosure requirements of HRS § 92F-11 based on the following reasoning:

> [A]s our research discloses, most authorities agree that because "secret arrests" are illegal under our form of government, an arrest is a public, not a private event. As such, arrested individuals have neither a significant nor a constitutional privacy interest in the circumstances surrounding their arrest. Because there is substantially more than a "scintilla" of public interest in the disclosure of police blotter data, and the absence of a significant privacy interest in these records, their disclosure would not constitute "a clearly unwarranted invasion of personal privacy" under the UIPA.

OIP Op. Ltr. No. 91-4, 1991 WL 474701, at *1.

The OIP thus focused its privacy analysis on the public nature of an arrest, including the basic identity of the arrestee and the circumstances surrounding the arrest. In contrast, the OIP did not analyze arrestees' privacy interest in their home addresses, or whether the public interest in arrests outweighed that privacy interest. Accordingly, we do not read OIP Opinion Letter No. 91-4 as requiring the public disclosure of arrestees' home addresses.

We likewise do not read OIP Opinion Letter No. 07-04, 2007 WL 1034735 (Mar. 22, 2007), as imposing Mott's preferred disclosure requirement. There, the OIP examined whether the UIPA

13

required that the names of arrestees be made publicly available upon request in circumstances where the arrestee was released without being charged with a crime, or was released pending further investigation. Id. at *1. The OIP concluded that the arrestee's name must be disclosed in such circumstances because "an arrest is a significant and completed official act, and the public's knowledge of who is arrested and for what reason has historically been considered essential to a free society." Id. at *3. The OIP viewed its conclusion as compelled by "the overwhelming public interest in how the executive branch of government exercises the arrest power[.]" Id.

Again, the OIP focused its privacy analysis on the public nature of an arrest and the public interest in how the government exercises that power, not on personal information in which an arrestee has a significant privacy interest. Nothing in the opinion: (a) suggests that disclosure of arrestees' home addresses would serve the public interest in overseeing the arrest power; or (b) requires the wholesale disclosure of arrestees' home addresses.[14/]

## IV. Conclusion

Based on the allegations of the complaint and the relevant authorities, we conclude that arrestees have a significant privacy interest in their home addresses, and the public interest in disclosure asserted by Mott does not outweigh that privacy interest. Disclosure of the addresses would therefore constitute a clearly unwarranted invasion of personal privacy, thus exempting the addresses from the disclosure requirements of HRS § 92F-11. Accordingly, HPD was not required to provide the requested addresses to Mott, and the Circuit Court did not err in dismissing her complaint. We affirm the October 23, 2018 (1) Order Granting [City's] Motion to Dismiss

---

[14/] Mott also argues that "state and federal regulations" either require or "contemplate" the disclosure of arrestees' addresses. However, HRS § 846-8(2), which Mott cites, merely exempts "original records of entry such as police blotters" from the requirements of Chapter 846 and does not require the public disclosure of arrestees' home addresses. Likewise, the Department of Justice guidelines that Mott relies on do not require HPD to disclose arrestees' home addresses. See 28 C.F.R. § 50.2(b)(3).

Complaint Filed on May 25, 2018, and (2) Final Judgment, entered in the Circuit Court of the First Circuit.


On the briefs:

Richard L. Holcomb
(Holcomb Law, LLC),
for Plaintiff-Appellant

Amanda Furman,
Deputy Corporation Counsel,
City and County of Honolulu,
for Defendant-Appellee